IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE E. SCIBLE

        Plaintiff,

v.                                        Case No. 1:05cv166

MIKE MILLER, JAY ROBBINS,
WILLIAM HAINES, JIM RUBENSTEIN,
DIVISION OF CORRECTIONS, NATIONAL
UNION INSURANCE COMPANY OF PA,

        Defendants.

## ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATIONS

On December 23, 2005, plaintiff Lawrence E. Scible ("Scible"), an inmate at Huttonsville Correctional Center, filed a pro se complaint against the above-named defendants pursuant to 42 U.S.C. §1983, the Federal Tort Claims Act ("FTCA"), and the Religious Land Use and Institutional Persons Act ("RLUIPA"). The Court referred this matter to Magistrate Judge John S. Kaull in accordance with Rule 83.01 of the Local Rules of Prisoner Litigation Procedure for initial review and report and recommendation.

On February 3, 2006, Magistrate Judge Kaull issued a Report and Recommendation ("the Report"), recommending that the Court dismiss without prejudice Scible's FTCA claim, but serve the defendants with Scible's complaint so that they may respond to the remaining claims. On February 13, 2006, Scible filed his response to the magistrate judge's report and recommendation. For the following reasons, the Court **ADOPTS** Magistrate's recommendations.

**SCIBLE V. MILLER ET AL**   **1:05CV66**

## ORDER AFFIRMING THE MAGISTRATE'S REPORT AND RECOMMENDATION

### I. BACKGROUND

**A. Scible's Complaint**

In his complaint, Scible alleges that the defendants placed him in a cell with a dangerous inmate who sexually harassed him. Scible claims that he feared that he would be sexually assaulted, and, therefore, complained to defendants Mike Miller ("Miller") and Jay Robbins ("Robbins") about his cell mate. He states that Miller and Robbins informed him that "prison rape" was a part of prison life and denied his request for removal from the cell. As a result, Scible filed a formal grievance, and Miller transferred Scible to another cell.

Shortly thereafter, Scible was issued a disciplinary report for allegedly making threats against Miller in his grievance. Scible was found guilty of the charge and sentenced to 30 days segregation (suspended), 90 days probation, and 30 days loss of privileges. Scible appealed the guilty finding, but his appeal was denied. He, therefore, filed a notice of intent to file suit with the West Virginia Attorney's Office.

Scible also alleges that, because of his religious beliefs, he requested an exemption from the Division of Correction's grooming policy, a religious diet, and assistance in finding a Rastafarian leader and literature to enable him to practice his faith. In

response to his initial request, Scible states that defendant William Haines ("Haines") informed him that in order to change his religion he must file the appropriate paperwork with the Chaplain and that he had to abide by the grooming policy.

Scible then appealed the denial of his request to defendant Jim Rubenstein ("Rubenstein"), Commissioner of the Division of Corrections. Rubenstein reviewed Scible's complaint and remanded the issue back to Haines for a determination of whether Scible's religious beliefs were sincerely held, whether there was a compelling interest with respect to the grooming policy, and whether there were less restrictive ways in which plaintiff's religious beliefs can be accommodated. On remand, Haines found that Scible's religious beliefs were not sincerely held, that there were several compelling reasons for enforcing the grooming policy and that there were no less restrictive means to enforce the policy. Scible states that he objected to Haines' findings, but that Rubenstein denied his request.

**B.    The Magistrate's Recommendations**

Based on his review of Scible's complaint, the magistrate judge stated that Scible asserted the following grounds for relief:

> (1) the defendants were deliberate indifferent to a serious threat against plaintiff's person;

> (2) plaintiff's disciplinary report was retaliatory and false;

 (3) the regulation allowing plaintiff to be disciplined for language in a written grievance is unconstitutional on its face;

 (4) the finding of guilt was erroneous and not supported by the facts;

 (5) the finding of guilt violated plaintiffs' Sixth Amendment right of access to the courts;

 (6) the defendants violated plaintiffs' First Amendment right to freely practice his religion; and

 (7) the actions of the defendants violated the RLUPIPA.

Magistrate Judge Kaull concluded that all of Scible's claims, excluding the FTCA claim, were not frivolous and that summary dismissal of his complaint was not warranted. With respect to Scible's FTCA claim, he found that Scible had failed to allege that the conduct of which he complains was committed by federal employees. Accordingly, Magistrate Judge Kaull concluded that Scible's FTCA claim should be dismissed without prejudice.

## C. Scible's Objections

Scible filed objections to the magistrate judge's report and recommendation on February 13, 2006, stating that he concurred with the magistrate judge's findings and recommendations in all regards except for with respect to his claims arising from the disciplinary charge. He stated that he disagreed with Magistrate Judge Kaull's findings as stated in paragraphs (3) and (5) of the section entitled "Claims of Complaint" in the report and recommendation.

**ORDER AFFIRMING THE MAGISTRATE'S REPORT AND RECOMMENDATION**

Scible stated that the regulation allowing him to be disciplined for language in a written grievance violated his First Amendment right to free speech. He further stated that the finding of guilt with respect to that charge also violated his First Amendment right to access to the courts and right to redress grievances.

### III. ANALYSIS

Scible did not object to the findings in the magistrate judge's report and recommendation concerning his deliberate indifference, free exercise of religion, RLUIPA, and FTCA claims. Therefore, the Court need not conduct a _de novo_ review of the magistrate judge's analysis or conclusions with respect to those particular issues. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); see also United States v. 2121 E.30th St., 73 F.3d 1057, 1060 (10th Cir. 1996) (noting that circuit courts have uniformly held that the failure to file specific objections waives appellate review of factual and legal questions). Thus, the Court adopts the magistrate judge's recommendations concerning Scible's deliberate indifference, free exercise of religion, RLUIPA, FTCA claims.

## ORDER AFFIRMING THE MAGISTRATE'S REPORT AND RECOMMENDATION

With respect to Scible's claims arising from his disciplinary charge, Magistrate Judge Kaull concluded that these claims did not warrant summary dismissal. In his objections, Scible does not disagree with the magistrate judge's recommendation concerning the disposition of his claims, but merely disagrees with Magistrate Judge Kaull's characterization of his claims.

The magistrate judge stated that Scible asserted that the regulation allowing him to be disciplined for language in a written grievance was unconstitutional on its face. He further stated that Scible alleged that the finding of guilt violated his Sixth Amendment right of access to the courts. Scible objected solely to those findings, asserting that the regulation and finding of guilty violated his First Amendment right of free speech, right of access to the courts, and rights to redress grievances. Scible's objections are consistent with the magistrate judge's findings, but merely specify the bases for his constitutional challenge of the regulation and his finding of guilt. Although in his report and recommendation the magistrate judge may have failed to state with specificity all of the constitutional bases on which Scible relies in asserting his claims arising from the disciplinary charge, this does not affect the accuracy of Magistrate Judge Kaull's review of Scible's complaint and his recommendation to serve such complaint

SCIBLE V. MILLER ET AL                              1:05CV66

**ORDER AFFIRMING THE MAGISTRATE'S REPORT AND RECOMMENDATION**

on the defendants. Therefore, the Court adopts Magistrate Judge Kaull's recommendations in full.

### III. CONCLUSION

For the reasons set forth in this Order, the Court **ADOPTS** the magistrate judge's report and recommendation in its entirety (dkt. no. 7). Accordingly, the Court:

- **DISMISSES WITHOUT PREJUDICE** Scible's claims brought under the Federal Tort Claims Act; and
- **ORDERS** the Clerk to serve Scible's Complaint on the defendants.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order by certified mail, return receipt requested, to the pro se plaintiff.

DATED: March __14__, 2006

```
                          IRENE M. KEELEY
                          UNITED STATES DISTRICT JUDGE
```